PER CURIAM.
By petition for writ of prohibition, Orvel Winston Lloyd challenges his conviction and sentence in Nassau County case number 2002-CF-0288. These challenges have previously been considered by the circuit court and this court and found to be without merit. Accordingly, the petition for writ of prohibition is denied with prejudice.
Further, this court issued the following order on June 11, 2010:
By petition for writ of prohibition, Orvel Winston Lloyd challenges his conviction and sentence in Nassau County case number 2002 CF 288. The records of this court reflect 27 cases in which Lloyd has appeared as appellant or petitioner since 2003. Most of the cases involved the same judgment and sentence, and none have resulted in the granting of any substantive relief to Lloyd.
Upon consideration of the above, this Court finds that Orvel Winston Lloyd’s repetitious and frivolous filings have adversely affected the ability of this Court to devote its finite resources to consideration of legitimate claims. Petitioner shall therefore show cause within 20 days of the date of this order why sanctions, possibly including a prohibition against appearing in this Court unless represented by counsel, should not be imposed against him.
Lloyd has filed a “Motion to Strike Court Sanctions Under Manifest Injustice” which this court has treated as a response to the order to show cause. Having reviewed that response, we conclude that good cause has not been shown why sanctions should not be imposed. Accordingly, it is hereby ordered that Orvel Winston Lloyd shall secure the filing of a notice of appearance by a member in good standing of The Florida Bar in any active case now pending before this court in which he appears as appellant or petitioner within 10 days of the date of this order, failing which such cases shall be dismissed. Further, the clerk of this court is directed to accept no further pro se filings from Lloyd; if received, such documents shall be returned to Lloyd without filing and with a reference to this order.
PETITION DENIED; SANCTION IMPOSED.
WEBSTER, WETHERELL, and MARSTILLER, JJ., concur.